**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**FEB 16 2000**

**PATRICK FISHER**
**Clerk**

UNITED STATES COURT OF APPEALS

TENTH CIRCUIT

---

SCOTT LEE CUPPLES,

      Petitioner-Appellant,

v.

MICHAEL PUGH, Warden,

      Respondent-Appellee.

No. 99-1456
(D.C. No. 99-Z-1813)
(D. Colo.)

---

**ORDER AND JUDGMENT**[*]

---

Before **BRORBY**, **EBEL** and **LUCERO**, Circuit Judges.

Pro se Petitioner-Appellant Scott Lee Cupples ("Cupples") is incarcerated

at the United States Penitentiary, Administrative Maximum (ADX) in Cañon City,

Colorado. Cupples brought a 28 U.S.C. § 2241 habeas petition, arguing that his

transfer from the Iowa State Penitentiary in Fort Madison, Iowa to ADX was

illegal, and that the Iowa Department of Corrections (IDOC) could not have a

---

[*]After examining appellant's brief and the appellate record, this panel has
determined unanimously that oral argument would not materially assist the
determination of this appeal. See Fed. R. App. P. 34(a)(2) and 10th Cir. R.
34.1(G). The case is therefore ordered submitted without oral argument. This
Order and Judgment is not binding precedent, except under the doctrines of law of
the case, res judicata, and collateral estoppel. The court generally disfavors the
citation of orders and judgments; nevertheless, an order and judgment may be
cited under the terms and conditions of 10th Cir. R. 36.3.

valid detainer against him for the remainder of his state sentence because the IDOC waived jurisdiction over him when it made the unlawful transfer. The district court dismissed the petition. We affirm.

## BACKGROUND

On April 16, 1992, Cupples was sentenced to a ten-year term of incarceration, to be served within the IDOC, for his conviction in Iowa state court of delivery of a controlled substance. On June 1, 1992, Cupples was sentenced to a twenty-five year term of incarceration, to be served within the IDOC and consecutive to his ten-year sentence, for his conviction in Iowa state court on the charge of robbery in the first degree. On April 1, 1994, Cupples was sentenced in the United States District Court for the Southern District of Iowa to 151 months of imprisonment and two years of supervised release, to be served concurrently with the two state terms of incarceration, for his conviction on the charges of possession of an unregistered shotgun and being a felon in possession of a firearm.[1] The federal district court recommended that Cupples serve his federal sentence at the Iowa state prison in which he was serving his state sentence. While serving his time in the Iowa State Penitentiary, Cupples received an additional thirty-year sentence when an Iowa state court convicted him of being

---

[1]On April 8, 1994, and on August 27, 1996, the United States marshal lodged detainers against Cupples at the Iowa State Penitentiary for Cupples' federal sentence.

an habitual offender and of assault with intent to inflict serious injury after he stabbed an Iowa correctional officer. The court ordered that Cupples serve the thirty-year conviction consecutively to his other state sentences, resulting in a total state sentence of sixty-five years.

After the stabbing incident, Cupples was transferred involuntarily to ADX on May 29, 1997. On February 17, 1998, IDOC lodged a detainer against Cupples at ADX to ensure his return to Iowa for service of the remainder of his state sentences after he completed his federal sentence.

On September 15, 1999, Cupples filed a petition for writ of habeas corpus under 28 U.S.C. § 2241, contending that the detainer lodged against him by IDOC was unlawful because Iowa had relinquished its jurisdiction over him when it illegally transferred him to federal prison, and that the detainer therefore violated his Due Process, Equal Protection, and Eighth Amendment rights. As part of his argument that Iowa lacked jurisdiction over him for his state sentence, Cupples also alleged certain technical violations in the transfer agreement between the Federal Bureau of Prisons and the IDOC that he claimed demonstrated the transfer was illegal. The district court denied Cupples' petition and dismissed the action on September 29, 1999. It also denied Cupples' request to proceed in forma pauperis on appeal after determining that the appeal was not taken in good

faith.  Cupples now appeals, raising the same claims he raised in the district court.

DISCUSSION

We agree with the district court that Cupples has failed to present any facts or legal argument to show that his transfer to ADX was illegal.  The United States Constitution does not prohibit the transfer of an inmate from one state to another.  See Olim v. Wakinekona, 461 U.S. 238, 247 (1983).  Cupples was serving concurrent state and federal sentences in Iowa.  After the stabbing incident, IDOC determined that Cupples presented a "management problem" within the Iowa system, that "he need[ed] to be removed from [the Iowa State Penitentiary]," and that "Iowa [did] not have alternative housing."  (See Pet'r Br., Ex. 8.)  The Federal Bureau of Prisons then took custody of Cupples, and he continued to serve his federal time at ADX.

Cupples premises his allegations that IDOC's detainer against him is unlawful on the notion that the transfer to federal prison illegally converted his concurrent federal and state sentences to consecutive sentences; however we find nothing in Cupples' brief or the record to support that notion.  In fact, the record contains documents that specify the sentences originally designated as concurrent continue to be concurrent.  (See Aplt. Br., Ex. 11; Pet'r Br., Ex. 30, 31.)  In addition to those concurrent sentences, Cupples has a thirty-year state sentence that he is to serve consecutive to his other state and federal sentences.  Cupples'

federal sentence will expire long before he has served his state sentences. Therefore, his argument that the detainer against him is unlawful is without merit. Nothing in Cupples' brief or the record supports Cupples' claims that IDOC lacks jurisdiction over him or that the transfer relieves him from serving the remainder of his state sentence after he completes his federal sentence.

Cupples' other arguments concerning technical violations in the agreement between the Federal Bureau of Prisons and the IDOC to transfer him are similarly without merit. Cupples raises those allegations as a means of demonstrating that the transfer was illegal; however, those allegations are all premised on the transfer being governed by criteria set forth in 18 U.S.C. § 5003. Nothing in the record or Cupples' brief demonstrates that the transfer was or should be governed by 18 U.S.C. § 5003, and, as stated above, nothing in the record suggests that the transfer was unlawful. Cupples is currently in federal custody serving a valid federal sentence and is subject to a valid detainer with IDOC. We therefore AFFIRM the district court's decision to deny the petition and dismiss the action. We also agree with the district court that Cupples has failed to present a nonfrivolous argument on the law and facts in support of the issues raised on appeal; therefore we AFFIRM the district court's order denying Cupples leave to

proceed in forma pauperis.

The mandate shall issue forthwith.

ENTERED FOR THE COURT


David M. Ebel
Circuit Judge